| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CABN 44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CABN 163973)<br>Chief, Criminal Division |
| 4 | S. WAQAR HASIB (CABN 234818)<br>Assistant U.S. Attorney |

450 Golden Gate Ave (11th Floor)
San Francisco, CA 94102
Telephone: (415) 436-6844
Facsimile: (415) 436-6982

Attorneys for the United States

**FILED**

JAN 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 08-70035-EDL |
| Plaintiff, | ) | [~~PROPOSED~~] ORDER OF DETENTION PENDING TRIAL |
| v. | ) | |
| OSKAR W. SHELDON, | ) | |
| Defendant. | ) | |

This matter came before the Court on January 30, 2008, for a detention hearing. The defendant, Oksar W. Sheldon, was present and represented by attorney Shari L. White, specially appearing on behalf of attorney Robert Amparán. Assistant United States Attorney S. Waqar Hasib appeared for the United States of America.

Pretrial Services submitted a report to the Court that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

[Proposed] Order of Detention Pending Trial - CR 07-70238

1

1     Upon consideration of the facts, proffers and arguments presented, the Court finds by a
2 preponderance of the evidence that no condition or combination of conditions of release will
3 reasonably assure the appearance of the Defendant as required. The Court also finds by clear and
4 convincing evidence that no condition or combination of conditions of release will reasonably
5 assure the safety of the community. Accordingly, the Court concludes that the Defendant must
6 be detained pending trial in this matter.

7     The present order supplements the Court's findings at the detention hearing and serves as
8 written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

9     The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the
10 Court must consider in determining whether pretrial detention is warranted. These factors are:
11     (1) the nature and circumstances of the offense charged (§ 3142(g)(1));
12     (2) the weight of the evidence against the person (§ 3142(g)(2));
13     (3) the history and characteristics of the person including, among other considerations,
14     character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and
15     (4) the nature and seriousness of the danger to any person or the community that would
16     be posed by the person's release (§ 3142(g)(4)).

17     With regard to the first factor, the nature and circumstances of the offense charged, the
18 Defendant has been charged by way of indictment in the Eastern District of Wisconsin with
19 conspiring to distribute controlled substances, to wit, 1000 kilograms or more of a mixture and
20 substance containing marijuana, in violation of 21 U.S.C. § 841(a)(1) and 846, which carries a
21 minimum mandatory penalty of 10 years in prison and a maximum penalty of life in prison.

22     The second factor, the weight of the evidence, is considered the least important. The Bail
23 Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*,
24 948 F.2d 1118, 1121–22 (9th Cir. 1991). The government made a proffer as to the weight of the
25 evidence, including allegations that the defendant had been observed by government agents
26 receiving large shipments of marijuana and purchasing money orders to pay for such shipments.
27 Nonetheless, the Court finds that even absent the proffered facts relating to the charged offenses,
28 Defendant should be detained.

[Proposed] Order of Detention Pending Trial - CR 07-70238

1   The Court further finds that the third factor, the history and characteristics of the
2 defendant, and the fourth factor, the nature and seriousness of danger to the community, militate
3 in favor of detention. In reaching this conclusion, the Court relies in part on an incident that
4 occurred in 2000 when the defendant was arrested trying to launder approximately $123,000 in
5 cash at various banks money in the vicinity of Durango, Colorado, using a false Canadian
6 identification bearing a name other than his own. The Court also relies on the fact that the
7 defendant's family was unwilling to post a bond on his behalf. The Court also relies on
8 information in the Pretrial Services Report indicating that the defendant has had continuing
9 issues with abuse of alcohol and other substances, despite having been placed in several
10 treatment programs. Finally, the Court relies on the fact that the defendant is currently charged
11 in state court with domestic abuse, assault with a deadly weapon, and torture, arising out of an
12 incident in April of 2007 in which he allegedly abused his girlfriend at the time.
13   Accordingly, the Court finds by clear and convincing evidence that no condition or
14 combination of conditions of release will reasonably assure the safety of the community, and
15 finds by a preponderance of the evidence that no condition or combination of conditions of
16 release will reasonably assure the appearance of the defendant as required.
17   Pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:
18   (1) the defendant be, and hereby is, committed to the custody of the Attorney General for
19       confinement in a corrections facility separate, to the extent practicable, from persons
20       awaiting or serving sentences or being held in custody pending appeal;
21   (2) the defendant be afforded reasonable opportunity for private consultation with his
22       counsel; and
23   (3) on order of a court of the United States or on request of an attorney for the
24       Government, the person in charge of the corrections facility in which the defendant is
25       confined shall deliver the Defendant to an authorized Deputy United States Marshal for
26 ///
27 ///
28 ///

[Proposed] Order of Detention Pending Trial - CR 07-70238

3                                                                                                    3

1 | the purpose of any appearance in connection with a court proceeding.

2 | SO ORDERED.

4 | DATED: Jan 31, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge